# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID GRAHAM, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-18-221 |
| TROOPER MICHAEL COX, #4760, *et al.*, | * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

In this civil rights action, plaintiff David Graham, a Maryland self-represented prisoner, filed a civil rights suit under 42 U.S.C. § 1983. ECF 1. He complains that Maryland State Police Officers Michael Cox, Sean Harris, and J. Justice used excessive force during his arrest, resulting in his serious injury. ECF 1. Defendants have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF 17), supported by a memorandum of law (ECF 17-1) (collectively, "Motion") and exhibits.[1] Plaintiff has responded (ECF 20), and also filed several motions. ECF 21, ECF 22, ECF 27.

No hearing is necessary to resolve the motions. Local Rule 105.6.

## I. FACTUAL BACKGROUND

**A. Plaintiff's Complaint**

In his unsworn Complaint, plaintiff states that an individual named David Spratt identified him in a photo array conducted by law enforcement as part of an investigation into the January 27, 2015 burglary of Cooper's Market in Elkton, Maryland. ECF 1 at 5. On January 30, 2015,

---

[1] Defendants initially filed their motion at ECF 13, but failed to submit a certificate of service. Thereafter, defendants filed a corrected motion (accompanied by the certificate) at ECF 17. The intial motion, docketed at ECF 13, shall be denied, as moot.

defendants, who were employees of the Maryland State Police, had information that "Plaintiff was operating a yellow Ford Mustang, Maryland Registration IAK6308." *Id.* At some point, defendants observed plaintiff driving the Mustang and pursued him. *Id.*

Plaintiff states that after "the pursuit was ended . . . Plaintiff surrendered, and complied with all orders of defendants, i.e. (hand in the air, etc.), yet at this time defendants collectively and violently yanked this passive Plaintiff from the vehicle." *Id.* at 6. After plaintiff was "forcibly and violently thrown to the pavement" and handcuffed, defendants pressed plaintiff to the ground "while others kicked, stomped Plaintiff in his face, head, back and other areas," despite plaintiff being "securely restrained" at the time and posing no threat of physical harm to defendants. *Id.* According to plaintiff, while he was handcuffed, defendants and other law enforcement officers who were present collectively "beat Plaintiff's ribs and stomach areas", "unnecessarily used Tasers on Plaintiff . . . until Plaintiff layed [sic] motionless on the pavement, while blood ran down his face", "beat Plaintiff with batons", and physically assaulted plaintiff with their hands and feet. *Id.* at 6-7. Plaintiff reports that, as a consequence of this attack, he experienced

> massive swelling to the left and right sides of his head, face, a broken nose, 2 swollen and closed black eyes, blood spotting in the whites of both eyes, a severed left ear lobe, busted lips, broken tooth, cuts, lacerations, and abrasions and avulsions, . . . stressed tension to the back of the neck, bruised body and back areas, and extreme pain and discomfort; . . . long term migraine headaches, neck and shoulder pain, inability to perform and complete short and long term non-complicated tasks, suffers loss of memory, and has difficulty sleeping.

*Id.*

Although the Complaint does not attribute particular acts to any individual defendant, plaintiff subsequently filed an unsworn Motion to Amend (ECF 21), in which he states that, after his car came to a stop,

2

> Plaintiff raised both hands, and Sgt Justice came back and pulled my hands behind the back and cuffed me, then Sgt. Justice pulled me out of the car and Justice and Cpl Harris (who helped Justice handcuffed [sic] Plaintiff) [sic]; . . . After Justice and Harris handcuffed Plaintiff, Justice began kicking Plaintiff on the right side, and Harris began kicking Plaintiff on the left side of the face; . . . Tfc. Cox beat Plaintiff with his stick, striking Plaintiff in the face, shoulder, and on the right side of the body."

*Id.* at 2. The Motion also attributes specific acts to particular officers who are not defendants. *Id.* at 3.

Plaintiff claims defendants' vicious use of force was excessive, "completely out of proportion to any legitimate needs," and employed with malicious and sadistic intent. *Id.* at 7. In particular, he believes that defendants conspired to physically assault him "in retaliation for an unrelated hit and run that involved unrelated events, and involving an unrelated law enforcement Officer MSP Trooper Spinner." *Id.* In support of this assertion, plaintiff reports that "MSP Troopers"[2] made post-attack statements such as "we got him for Spinner." *Id.*

**B. Defendants' Motion & Exhibits**

Defendants' Motion (ECF 17) is supported by an affidavit from each of the three defendants. ECF 17-4; ECF 17-5; ECF 17-6. Defendants' version of events differs significantly from the allegations in Graham's Complaint.

Each defendant avers that he was assigned to assist with the pursuit of plaintiff's vehicle after other law enforcement officers (who were not named as defendants) initiated the pursuit ECF 17-4 at 2; ECF 17-5 at 2; ECF 17-6 at 2. Defendants believed that plaintiff "was wanted for several felony warrants" and were "informed that [plaintiff] always carries a handgun." *Id.*

---

[2] Plaintiff does not specify whether the defendants are the "MSP Troopers" who made these comments.

Plaintiff drove at high speeds and continued even after "his tires were punctured with stop sticks." ECF 17-4 at 3. Ultimately, the pursuit ended after plaintiff's car was boxed in by law enforcement vehicles and brought to a complete stop when plaintiff "us[ed] his vehicle to ram the rear of the vehicle [defendant Cox] was riding in at the time." *Id.* Cox, Harris, and Justice were all in the same vehicle, which Justice was driving. ECF 17-4 at 3.

After the passengers in plaintiff's car were moved to safety, Cox, who possessed a "duty weapon," "positioned [him]self by Graham. Graham had refused to exit the vehicle, and was on the ground at that point." *Id.* at 3-4. The three defendants and other officers "gave Graham verbal commands to put his hands behind his back for handcuffs. Graham failed to comply and actively resisted handcuffs by struggling to put his hands in his front waistband." ECF 17-4 at 4; ECF 17-5 at 3; ECF 17-6 at 3.

Cox avers, ECF 17-4 at 4:

> A Cecil County Sheriff's Office deputy attempt[ed] to deploy a tazer, but it had no effect on Graham. Graham then grabbed for the deputy's tazer. ... Due to Graham's active resistance and the concern that Graham was armed, [Cox] used [his] Monadnock Expandable Baton (MEB), attempting to jab [Graham's] right shoulder to prevent him reaching for his waistband. Graham's movements deflected this strike from his shoulder to his cheek. The blow did not seem to have any effect on Graham. [Cox] attempted strikes with [his] leg in Graham's shoulder/upper arm area.

Thereafter, the officers present were able to place Graham in handcuffs. *Id.* According to Cox, "Graham appeared to be on drugs at the time of his arrest" and was provided with "immediate medical attention" by a Maryland State Police medic before EMS arrived. *Id.* at 5.

Each of the three defendants avers that he did not possess a taser during the incident, nor did he (or any of the officers that he observed) use force after Graham was handcuffed. ECF 17-4 at 4; ECF 17-5 at 3; ECF 17-6 at 3. Further, each avers that "[t]he force employed was limited

4

to what was necessary to apprehend and handcuff Graham." *Id.*

**C. Plaintiff's Response & Motion to Amend[3]**

Plaintiff filed an opposition to the Motion, in which he reiterates his assertion that he offered no resistance once his vehicle was stopped and that law enforcement officers severely assaulted him after he was restrained. ECF 20 at 9-12. Although plaintiff details the various assaults he suffered and the resulting injuries, plaintiff speaks generally of "police" or unspecified "defendants" exerting the force, or he uses phrases in such a way as to remove any reference to the identity of the individual(s) committing the assault. *Id.* at 14-16.

Plaintiff claims: "All defendants participated in the excessive use of force, along with defendants initially listed as 'Cecil County Sheriff Department, et. al.'" *Id.* at 15. However, no such defendant was identified in the Complaint. *See* ECF 1 at 4-5 (naming only Cox, Harris, and Justice, and purporting to "reserve[] the right to freely amend or add additional unknown defendants, that worked at the Cecil County Sheriff's Department" but never identifying any such individual or "John Doe" defendant).

Subsequently, plaintiff submitted a second response to the Motion. It largely contains statements of law concerning excessive force and qualified immunity and reiterates his allegations about the severity of his injuries. ECF 26.

---

[3] As explained in the Court Order dated August 15, 2018, both the first Response and the Motion to Amend contain indicia that plaintiff may have intended for the statements contained within to be sworn, but neither document contained a signed statement that it was made under penalty of perjury. ECF 25. Because plaintiff is pro se, the Court granted him "the opportunity to supplement these filings by signing a declaration under penalty of perjury as to the truth of the allegations they contain if he, in fact, intends to make these allegations under oath." *Id.* The Court expressly warned plaintiff that if he failed to do so within the 21-day period provided by the court those filings "SHALL BE treated as unsworn." *Id.* Plaintiff did not submit such declarations, and therefore the Court treats these filings as unsworn.

## II. MOTIONS FOR APPOINTMENT OF COUNSEL

Plaintiff has made two requests for the appointment of counsel. ECF 22; ECF 27. He asserts that he is indigent, has limited legal knowledge, and needs counsel to "obtain records and data in support of his claims." *Id.*

Under § 1915(e)(1) a Court of the United States may request an attorney to represent any person unable to afford counsel. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, however, and may be considered where an indigent claimant presents exceptional circumstances. *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987); *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978).

The Court has carefully reviewed Plaintiff's Complaint and finds that he has demonstrated the wherewithal either to articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. Therefore, the motions for appointment of counsel are denied.

## III. PLAINTIFF'S MOTION TO AMEND

After submitting his opposition, plaintiff filed a "Motion to Amend Complaint or in the Alternative the Right to Add Defendants After Discovery." ECF 21. Defendants oppose the motion. ECF 24.

Plaintiff's motion is actually a hybrid of two motions—a motion to amend (or, more accurately, a motion to supplement) and a motion for discovery. The Court will consider each part of the motion separately.

**A. Motion to Amend (Motion to Supplement)**

Although titled as a Motion to Amend, plaintiff's motion is better described as a Motion to Supplement because it seeks to add to, rather than supersede, the Complaint. Therefore, the Court will treat the filing as a Motion to Supplement. Paragraphs 2 through 18 seek to add factual allegations to the Complaint. ECF 21 at 1-3. Although several of these paragraphs are prefaced with phrases like "[e]vidence in discovery would show" or "[d]iscovery and medical records will reflect," they are really factual allegations of events within plaintiff's own knowledge which could be included in a Complaint. *Id.* For example, plaintiff states that "[d]iscovery will reveal that none of the other occupants of the vehicle got a scratch on them, evidencing the injuries were not accident related," *id.* at 3, which boils down to a factual allegation (*i.e.*, none of the other vehicle occupants were injured), within plaintiff's personal knowledge. The Court will grant the Motion to Supplement and these factual allegations will be treated as part of the Complaint.[4]

The Court clarifies that, although one of the factual allegations names two previously-unmentioned law enforcement officers (TFC Flaughter and TFC Brody), granting the supplement *does not* have the effect of adding these individuals as defendants, as plaintiff has not actually moved that they be added. Moreover, as defendants correctly note, adding these defendants would be futile because the statute of limitations has expired as to any claim against them, and plaintiff's Motion to Supplement does not relate back to the filing of the initial Complaint. *See* ECF 24 at 3-4. The statement about Flaughter and Brody will merely be treated as a factual allegation regarding plaintiff's arrest, not a separate legal claim.

**B. Motion for Discovery**

---

[4] The Court has already included those factual allegations from the Supplement that are relevant to the named defendants in the Factual Background section, *supra*.

As to the remainder of the hybrid motion, plaintiff alleges that discovery is needed so that plaintiff can uncover the identities of the other officers involved. ECF 21 at 1, 3-4. He also appears to assert that he needs discovery to establish the factual allegations of paragraphs 2 through 18 of the motion.

Federal Rule of Civil Procedure 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Plaintiff did nto submit the required affidavit or declaration. Nevertheless, summary judgment is ordinarily inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont De Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2012); *see Putney v. Likin*, 656 F. App'x 632, 638-39 (4th Cir. July 14, 2016) (per curiam); *McCray v. Maryland Dep't of Transportation*, 741 F.3d 480, 483 (4th Cir. 2015).

The Foruth Circuit has said that "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the nonmovant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)).

8

"[T]o justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A nonmoving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir.), *cert. denied*, 555 U.S. 885 (2008).

If a nonmoving party believes that further discovery is necessary before consideration of summary judgment, the party fails to file a Rule 56(d) affidavit at his peril, because "'the failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods*, 302 F.3d at 244 (citations omitted). But, the nonmoving party's failure to file a Rule 56(d) affidavit cannot obligate a court to issue a summary judgment ruling that is obviously premature. Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not always insisted" on a Rule 56(d) affidavit. *Id*. (internal citations omitted).

According to the Fourth Circuit, failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Harrods*, 302 F.3d at 244-45 (internal

citations omitted); *see also Putney*, 656 F. App'x at 638; *Nader v. Blair*, 549 F.3d 953, 961 (4th Cir. 2008). Moreover, "[t]his is especially true where, as here, the non-moving party is proceeding pro se." *Putney*, 656 F. App'x at 638.

As noted, plaintiff has not filed an affidavit under Rule 56(d). But, he has filed a motion which, in part, requests discovery. ECF 21. The Court will treat this motion as the "functional equivalent" of an affidavit under Rule 56(d).

Plaintiff's motion suggests that discovery will reveal the names of individuals involved in his arrest, and he states, in part, *id.* at 2:

> 9. Evidence will show Plaintiff raised both hands, and Sgt Justice came back and pulled my hands behind the back and cuffed me, then Sgt Justice pulled me out of the car and Justice and Cpl Harris (who helped Justice handcuffed Plaintiff);
>
> 10. After Justice and Harris handcuffed Plaintiff, Justice began kicking Plaintiff on the right side, and Harris began kicking Plaintiff on the left side of the face;
>
> 11. Tfc. Cox beat Plaintiff with his stick, striking Plaintiff in the face, shoulder, and on the right side of tile body[.]

Plaintiff's unsworn motion for discovery fails to explain why, "for specified reasons, [he] cannot present facts essential to justify [his] opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)). Although plaintiff's unsworn motion states that he desires discovery to learn the names of additional officers involved in his arrest, he has failed to explain why he has been unable to learn of the names of such officers through other means, such as documents in his criminal case, police reports, or publicly available resources. *See* ECF 21 at 3. *See* Maryland Judiciary Case Search, available at http://casesearch.courts.state.md.us/casesearch/ (disclosing the names of several other involved officers not mentioned by plaintiff in his Complaint, including an MSP officer identified

as "Officer – Arresting/Complainant" (Nathan Wilson) and an officer with the Cecil County Sheriff's Dept (K Russell)).  Presumably, plaintiff or his criminal defense attorney would have had access to the underlying documents, which might provide this information.

Plaintiff's motion mentions, for the first time, the involvement of two law enforcement officers -- TFC Flaughter and TFC Brody -- suggesting that plaintiff is capable of uncovering the names of the participating law enforcement officers, without discovery. ECF 21 at 3.

In any event, plaintiff has not explained how the additional evidence sought — the identification of additional officers involved in his arrest — would create a genuine dispute of a material fact necessary to oppose the pending Motion.

As to plaintiff's claims that "evidence will show" Justice, Harris, and Cox's involvement, I note that the factual claims that he cites are within his personal knowledge.  However, he has not submitted a statement under oath.  Therefore, plaintiff will be allowed to supplement his opposition to present facts essential to his opposition by way of a sworn affidavit reflecting facts within his personal knowledge, and/or affidavits from others based on their personal knowledge.

In light of the foregoing, plaintiff shall be provided an additional 21 days from the date of this Order to file an Affidavit(s) in support of his opposition to the pending dispositive Motion.

A separate Order follows.

<u>January 14, 2019</u>  <u>            /s/            </u>
Date  Ellen L. Hollander
  United States District Judge