# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DAVID GRAHAM,  \*

Plaintiff  \*

v  \*  Civil Action No. ELH-18-0221

TROOPER MICHAEL COX, #4760, *et al.*,  \*

Defendants  \*

\*\*\*

## MEMORANDUM

Plaintiff David Graham, who is self-represented, filed the above-captioned civil rights action against Trooper Michael Cox, Corporal Sean Harris, and Corporal J. Justice, in which he challenged as excessive the force used against him in connection with his arrest on January 30, 2015. ECF 1. Defendants moved to dismiss or for summary judgment (ECF 17), supported by a memorandum (ECF 17-1) (collectively, the "Motion") and exhibits.

Plaintiff filed several documents contradicting the defense submissions. However, his submissions were not made under oath. ECF 20; ECF 21. Therefore, in orders of August 15, 2018, January 14, 2019, and March 6, 2019, the Court instructed plaintiff to supplement and verify his submissions, under penalty of perjury, if he intended for them to be treated as sworn, and cautioned him that if he did not do so within the time provided, his statements would be treated as unsworn. *See* ECF 25; ECF 35; ECF 37. Through a series of unfortunate clerical errors, it appears that plaintiff did not timely receive the Court's orders.[1]

The docket reflects plaintiff's repeated efforts to notify the Court of his changes in his

---

[1] For convenience, the Court incorporates here the factual and procedural summaries set forth in the Court's prior rulings and orders. *See* ECF 25 (Order of Aug. 15, 2018); ECF 34 and ECF 35 (Memorandum Opinion and Order of Jan. 14, 2019); ECF 39 and EC 40 (Memorandum Opinion and Order of March 29, 2019).

address. *See*, *e.g.*, ECF 32; ECF 33; ECF 42. And, the docket indicates that mail sent to plaintiff by the Clerk was returned, apparently because it was not sent to the correct address. *See*, *e.g.*, ECF 36; ECF 38; ECF 41.

Ultimately, given the length of time that the Motion was pending, and based on the lack of evidence provided by plaintiff disputing defendants' submissions, the Court granted defendants' Motion. ECF 39; ECF 40. However, given the history of clerical errors, the Court also stated that it would "reevaluate the ruling herein if, by April 29, 2019, Graham files a motion asking the Court to do so, supported by an affidavit as described in the Court's Memorandum Opinion of January 14, 2019." ECF 40.

On April 15, 2019, the Memorandum Opinion and Order that had been mailed to plaintiff, was returned to the Court as undeliverable. ECF 41. And, on April 29, 2019, the Court received another notice of plaintiff's address change. ECF 42. Therefore, the Memorandum Opinion and Order were resent to Graham. On June 14, 2019, the Court received plaintiff's "Motion to Re-Open" (ECF 43), accompanied by Graham's Declaration, disputing defendants' version of events. ECF 43-1.

Although plaintiff did not submit his motion (ECF 43) by April 29, 2019, as instructed, the delay is attributable to the return of the Memorandum Opinion and Order and plaintiff's address change.[2] Thus, pursuant to my earlier Order, I will evaluate my ruling in light of plaintiff's Declaration and the standard that governs summary judment.

The Declaration creates a dispute of material fact as to what occurred during plaintiff's

---

[2] In any event, plaintiff's motion could be construed as one under Fed. R. Civ. P. 60(b) for relief from a judgment.

2

arrest. Notably, plaintiff avers that defendants hit and kicked him after he was handcuffed and laying on the ground, while defendants aver that they did not touch plaintiff after he was handcuffed.

Fed. R. Civ. P. 56. Rule 56(a) provides, in part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id*. at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see Sharif v. United Airlines, Inc.,* 841 F.3d 199, 2014 (4th Cir. 2016); *Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016); *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)), *cert. denied*, 541 U.S. 1042 (2004). Plaintiff has done so by filing his Declaration.

Moreover, and of relevance here, the court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in [his] favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002); *see Harris v. Pittman*, ___ F.3d ___, 2019 WL 2509240, at *5 (4th Cir. June 18, 2019); *Roland v. United States Citizenship & Immigration Servs.*, 850 F.3d 625, 628 (4th Cir. 2017); *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017); *FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013). Put another way, the district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *accord Guessous v. Fairview Prop. Inv., LLC*, 828 F.3d 208, 216 (4th Cir. 2016).

Further, and also pertinent here, the trial court may not make credibility determinations on summary judgment. *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007); *Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis*, 290 F.3d at 644-45. Therefore, in the face of conflicting evidence, such as competing affidavits, summary judgment is generally not appropriate, because it is the function of the fact-finder to resolve factual disputes, including matters of witness credibility.

Because plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). And, summary judgment is generally inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont De Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2012); *see Putney v. Likin*, 656 F. App'x 632, 638-39 (4th Cir. 2016) (per curiam); *McCray v. Maryland Dep't of Transportation*, 741 F.3d

480, 483 (4th Cir. 2015).

In sum, to counter a motion for summary judgment, there must be a genuine dispute as to material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 585–86 (1986). "A court can grant summary judgment only if, viewing the evidence in the light most favorable to the non-moving party, the case presents no genuine issues of material fact and the moving party demonstrates entitlement to judgment as a matter of law." *Iraq Middle Mkt. Dev. Found. v. Harmoosh*, 848 F.3d 235, 238 (4th Cir. 2017).

In view of the standard set forth above, I shall vacate the Memorandum Opinion and Order of April 29, 2019.

Under § 1915(e)(1), a Court of the United States may request an attorney to represent any person unable to afford counsel. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, however, and may be considered where an indigent claimant presents exceptional circumstances. *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987); *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978).

Plaintiff previously requested appointment of counsel, which was denied at the time because plaintiff appeared capable of presenting his Complaint at that stage. ECF 22; ECF 27; ECF 34. However, it now appears that the case will proceed to discovery. Therefore, the Court will appoint pro bono counsel for plaintiff.

A separate Order follows.

June 20, 2019                                /s/
Date                              Ellen L. Hollander
                                  United States District Judge